MARGARET S. HUNT, Appellant, *vs.* JAMES CLAY HUNT, JR., *et al.* Appellees.

*Opinion filed February 16, 1916.*

EQUITY—*section 50 of Chancery act does not authorize a bill to convert a legal estate into a trust estate.* The amendment in 1911 of section 50 of the Chancery act, which authorizes a court of equity to hear and determine bills to appoint trustees, etc., does not indicate that the added jurisdiction vested in courts of equity by such section should extend beyond the administration of trust estates and does not authorize a court of equity to convert a legal estate into a trust estate.

APPEAL from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

STUART BROWN, LOGAN HAY, and JOHN T. CREIGHTON, for appellant.

CARL S. REED, for appellee John Phalen, and F. M. SHONKWILER, guardian *ad litem,* for appellee James Clay Hunt.

Mr. JUSTICE COOKE delivered the opinion of the court:

By the last will and testament of Lucy W. Scott, appellant, Margaret S. Hunt, (then Margaret S. Scott,) was devised a life estate in the undivided one-eighth of certain real estate in Piatt county, Illinois, "with remainder in fee simple to her children and the issue of such as may be dead, such issue taking the share of the parent *per stirpes,* and in case said Margaret Skillman Scott should die without issue," then as she might by will appoint, and in default of appointment, to her brother, John W. Scott, one of the appellees. In the year 1901, as the result of partition proceedings, appellant had set off to her in severalty, as her interest in the real estate in Piatt county devised by said will, a tract of 64.3 acres. In 1907 appellant inter-

married with James C. Hunt, and on January 28, 1915, a son, James C. Hunt, Jr., was born to them. The appellant brought her bill in chancery to the June term, 1915, of the circuit court of Piatt county, praying for the sale of the entire title to this tract and for the establishment of a trust upon the proceeds of such sale. This appeal was prayed from the decree of the circuit court dismissing the bill for want of equity.

Counsel for appellant state that the bill was based upon the provisions of section 50 of the Chancery act, and concede that unless that section applies and provides for the relief sought, the decree of the circuit court was proper and in harmony with the decisions of this court. That part of section 50 of the Chancery act which is here invoked was added to the section by way of amendment in 1911 and is as follows: "The court may * * * hear and determine bills to appoint trustees, and authorize trustees to lease, mortgage and sell, improve, exchange and invest any portion or all of any trust estate, or to do any other act or thing, or exercise any power and discretion which is necessary for the conservation, preservation, protection or betterment of said estate during any period of contingency pending a contingent remainder or executory devise or otherwise." (Hurd's Stat. 1913, p. 168.)

It will be observed that this section deals only with trust estates. The mere fact that it empowers the court to appoint trustees,—a power which has always been inherent in a court of equity,—is not, in itself, sufficient to indicate that the legislature intended that the added jurisdiction vested in courts of equity by this section should extend beyond the administration of trust estates. This is the only expression used in the section upon which could be based the contention that a court of equity is thereby empowered to convert a legal estate into a trust estate. Had the legislature intended to confer such power on the court it certainly would have done so in apt words. The estate here involved is

purely a legal one and is not such an estate as is contemplated by said section 50.

The decree of the circuit court is affirmed.

*Decree affirmed.*